

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12-cv-3215 | **DATE** | 6/20/12 |
| **CASE TITLE** | Kizilbash v. Federal Bureau of Investigation | | |

**DOCKET ENTRY TEXT**

Plaintiff's Amended Complaint fails to state a claim for relief. Accordingly, the Amended Complaint [8], pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), is dismissed with prejudice; and Plaintiff's Amended *In Forma Pauperis* Application is denied. See statement below.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

On April 30, 2012, Plaintiff Leena Kizilbash filed a Complaint, *pro se*, with an application to proceed without paying the customary $350 filing fee. Plaintiff alleged in her Complaint that the Federal Bureau of Investigation engaged in unlawful surveillance of the Plaintiff, in her home and elsewhere. After thorough review and consideration; this Complaint was dismissed on May 9, 2012, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Plaintiff's motion to proceed *in forma pauperis* was denied. Following this ruling, on June 15, 2012, Plaintiff, without leave of the Court, filed an Amended Complaint, alleging the same facts, and another motion to proceed *in forma pauperis*.

First, Plaintiff's Amended Complaint is untimely under Fed. R. Civ. P. 15(a)(1), which requires an amended pleading to be filed within 21 days after serving it. Moreover, even if Plaintiff's Amended Complaint were deemed timely, it would be dismissed on the same grounds as her initial Complaint. 28 U.S.C. § 1915(e)(2)(B)(ii) provides "the court *shall* dismiss the case at any time if the court determines that . . . the action . . . is frivolous . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." The court applies the same standard it would use to rule on a Rule 12(b)(6) motion to dismiss. *See Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). The court views the complaint's allegations in a light most favorable to the plaintiff, draws all reasonable inferences in favor of the plaintiff, and takes as true all well-pleaded facts and allegations in the complaint. *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to provide the defendant with fair notice of the plaintiff's claims and the grounds upon which they rest. *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*). To survive a motion to dismiss, the plaintiff's claim must be plausible, and the factual allegations of the complaint must be "enough to raise a right to relief above the speculative level." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

Even affording Plaintiff's Amended Complaint a liberal reading, it would not survive a motion to

| STATEMENT |
|---|
| dismiss because it fails to state any sufficient claim for relief against the Defendant. Other than alleging additional facts and invoking the Fourth Amendment, this Amended Complaint does not in any way specify a claim upon which relief may be granted and, therefore, has failed to provide the Defendant (or the Court) with fair notice of the claims alleged and the grounds upon which they rest. Because Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, her *In Forma Pauperis* Application is denied, and her Complaint is dismissed with prejudice. |